

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,380-01

### EX PARTE JOHNNY LEE DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-16-5063-CR(HC1) IN THE 36TH DISTRICT COURT
### FROM ARANSAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of criminal solicitation and sentenced to eighteen years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Davis v. State*, No. 13-17-00103-CR (Tex. App. — Corpus Christi - Edinburg July 26, 2018) (not designated for publication).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. We remanded this

application to the trial court for findings of fact and conclusions of law.

The trial court held a habeas hearing, heard live testimony and considered documentary evidence. Based on that testimony and evidence, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition for discretionary review *pro se*. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-17-00103-CR that affirmed his conviction in Cause No. A-16-5063-CR from the 36th District Court of Aransas County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: July 3, 2019
Do not publish